## FIELD et al. vs. GAMBLE, Adm'r.

[APPEAL FROM ORDER OF PROBATE COURT CONFIRMING SALE OF LAND.]

1. *Appeal from order of probate court confirming sale of land; in what time may be taken.*—An appeal from an order of the probate court confirming a sale of lands made by order of that court, on the *nineteenth* day *after* the day of the rendition of the order of confirmation, is in time to save it from the bar of the statute of limitations of twenty days.—Rev. Code, §§ 14, 2095, 2246, 2247.

2. *Sale of land under order of probate court; what order as to, court can not make.*—When a sale of lands made by order of the probate court is returned unto said court as required by law, and the same is vacated or set aside on account of the inadequacy of the price bid at the sale, it is error for the court to permit the purchaser to increase his bid from $125 to $150, and then confirm the sale. In such a case, a re-sale should be ordered.—Rev. Code, § 2094.

APPEAL from the Probate Court of Butler.

Tried before Hon. H. W. WATSON.

The facts are sufficiently stated in the opinion.

HERBERT & BUELL, for appellant.—It seems clear that the court erred in allowing the administrator to amend his return so as to show that the land sold for a price different from what it actually did sell for, and in allowing the purchaser to come into court and raise his bid to the price for which the land ought to have sold, and this more than two years after the sale. The court did decide, as shown in its decree, that the sale ought not to be confirmed, and refused to confirm it as it actually took place. That was, or ought to have been, an end of the matter. The court had then exhausted the powers conferred upon it by law. But the court did not stop there. It went on to fix a price at which it said the administrator might have the land. It was as if the court had said to the purchaser, "You did not buy the land from the administrator when he offered it, more than two years ago. I decide that upon the proof,

and under the law, as I have a right to do; but then I will sell it to you, if you will raise your bid, or give one hundred and fifty dollars, instead of one hundred and twenty-five dollars. I, the probate judge, will now sell it to you; I will let you bid, and I will not let any one else bid at this sale. I am now conducting the sale, and I will sell it you on the basis of what it was worth two years ago, and will not take into consideration what it is worth now."

One very obvious objection to such a sale by the probate judge would be that, (aside from his want of power,) it might work great injustice, because peradventure the land might have very greatly advanced in value between the time when the administrator tried to sell, and the time the probate judge did sell.

It may be said that there is no great difference between one hundred and twenty-five and one hundred and fifty dollars; that if there was only this difference, then the land did sell for a sum "not greatly less than, or disproportionate to, its value," (Code, § 2093,) and therefore the sale should have been confirmed. In reply to this, we say that the court had this statute in mind when it decided not to confirm the sale that did take place, and it must be intended that it decided that one hundred and twenty-five dollars was "greatly disproportionate to its real value," but that one hundred and fifty dollars was a sum "not greatly less than its value."

Again: the additional sum was just one-fifth more, and though it was only the widow's mite, the principle was the same as if the question had been one of the difference between five and six thousand dollars.

Again: an administrator "must" report a sale within sixty days, for confirmation.—Rev. Code, § 2091. This sale was not reported for more than two years. To allow such a palpable violation of a peremptory mandate, when not even a shadow of excuse is shown for it, would be to totally disregard the will of the legislature, and to allow room for the grossest frauds.

JUDGE & HOLTZCLAW, *contra*.—1. Before the passage of

the act of the 12th of December, 1857, an appeal did not lie to the supreme court on an order of the probate court for the sale of real estate belonging to a decedent.—*Devany's Heirs v. Devany's Adm'r*, 25 Ala. 722.

2. The act of the 12th of December, 1857, gives the right of appeal "from any final judgment, order or decree of the probate court."—Rev. Code, § 2246. And since the passage of said act, numerous appeals have been taken to this court from such orders of sale by probate courts.

3. Conceding, therefore, that the order of sale in the present case was defective, still, it not having been appealed from within the time prescribed by the Code—never having been appealed from—it can not now be collaterally assailed.

4. Would this court entertain an appeal from said order now? Clearly not, the right of appeal having been barred. Will the court, then, allow the appellants to accomplish by indirection, what they could not accomplish in a direct proceeding by appeal? It is respectfully suggested that it would be an anomaly so to hold. As to the jurisdiction of the probate court in such a case, see *Satcher v. Satcher's Adm'r*, 41 Ala. 26.

5. As to the order confirming the sale: It is conceded that the action of the court was irregular in allowing the purchaser to increase his bid, in effect, before the order of confirmation was made; but if irregular and erroneous, it was not only without injury, but error to the benefit and advantage of appellants.

Was the price bid for the land, when it was sold, "greatly disproportionate to the real value"?—Rev. Code, § 2092. It was not; the proof showed that the land, when sold, was worth only $150; it sold for $125, and this sum not being "greatly disproportionate to the real value," it was the duty of the court to have confirmed the sale without anything further being done; and if it had refused to confirm the sale on this evidence, its action could have been reversed. But the purchaser, not wishing to hold the land at one cent less than its real and full value at the time he purchased it, voluntarily offered to pay the additional

twenty-five dollars, to make up the full value; this action being prompted, doubtless, by the fact that the lands had belonged to an estate, and he did not wish to hold the lands of the widow and children at one cent less than their full value at the time he purchased them. And this is magnified by counsel for appellants into something improper in the court and purchaser—into a re-sale of the land by the court, and shutting out all bidders but the original purchaser! This is a strained and improper conclusion from the premises, and casts an improper reflection upon the probate court.

PETERS, J.—This is an appeal from a final order of the court of probate of Butler county confirming a sale of land made by an administrator for the payment of the debts of the deceased. The sale was made under authority of a decree of said court of probate, on the 30th of December, 1867, but the report of the sale, if made, was not acted on by the court until the 10th day of March, 1871, when its confirmation was contested by the heirs and distributees of the decedent. The proof shows that at the time of the sale, the market value of the lands was $150. The court vacated the sale on account of the inadequacy of the price bid at the sale by the purchaser, but afterwards permitted the purchaser, who was in open court, to increase his bid from one hundred and twenty-five dollars to the sum of one hundred and fifty dollars, which was paid to the administrator, and the sale was confirmed. These facts are introduced into the proceedings in the court below by way of an amended report of the sale. But the amendment made in this manner was objected to by the contestants. The contestants in the court below bring the case here by appeal, and assign the order and proceedings on the confirmation of the sale as error.

There is a motion in this court made by the appellee to dismiss the appeal. This motion seems to be founded upon the supposition that the appeal is barred by the limitation of twenty days, and upon the fact that Long, the purchaser of the land at the sale which was confirmed, is

not made a party to the proceedings in this court. There can be no doubt that an appeal is permitted in such a case as this, if taken in twenty days from the time of rendering the final order confirming the sale. The confirmation of a sale made by an administrator under an order of the court of probate is such a final order as will support an appeal to this court, if taken within twenty days from its rendition.—Rev. Code, §§ 2246, 2095. Excluding the day on which the order of confirmation was rendered, which was on the 10th day of March, 1871, and including the day on which the bond for the appeal was approved, which was the 30th day of March, in the same year, there was only a period of nineteen days from the day on which the order was rendered to the appeal. The statute allows twenty days to bar the appeal. The appeal, then, was taken in time.—Rev. Code, §§ 14, 2246. Long, the purchaser, is not a necessary party in this court. And if a party at all, he should have suggested his interest in the court below, and made himself a party there. The only indispensable parties in such a proceeding are the representative of the decedent and the heirs and devisees or distributees of the decedent's estate.—Rev. Code, §§ 2079, 2080, 2081, 2082, 2222, 2223, 2227. The motion to dismiss the appeal is overruled, with costs.

The next question presented by the assignment of errors, which can arise on this appeal in this court, is the regularity of the final order confirming the sale in the court below. When such a sale is made and reported as required by law, it is made the duty of the court to examine the proceedings touching the same, and "he may examine witnesses in relation thereto." And "if upon such examination the court is satisfied that the sale was not fairly conducted, or that the amount for which the land, or any portion of the same, sold, was greatly disproportionate to the real value, the court may vacate such sale, either in whole or in part."—Rev. Code, § 2092. If the sale is vacated in whole or in part, the court must direct another sale to be had, in like manner that was required in the first sale.—Rev. Code, § 2094. But if the sale has been fairly

conducted, and the price to be paid for the land is not greatly disproportionate to its real value, the sale should be confirmed.—Rev. Code, § 2095.

If, then, the original sale is vacated, or is such an one as the court refuses to confirm on account of the inadequacy of the price offered at the bidding, as was the case in this instance, the court should order a re-sale, as the statute requires. Here this was not done, but upon the refusal of the court to confirm the sale, because of the disproportionate value of the price offered at the sale, the purchaser was permitted to increase his bid from one hundred and twenty-five dollars to one hundred and fifty dollars. This increase of price was accepted by the court in lieu of a re-sale, and the first sale was confirmed, against the objection of the contestants in the court below. For such a procedure the court of probate had no authority. The law forbids it, by prescribing a different one. It was a sale forced upon the creditors, the heirs and distributees, which had not been made in a manner sanctioned by law. Such a departure from the plain words of the statute can not be derived from any rational construction that may be put upon it, and the court of probate has only statutory powers. Its jurisdiction is confined to the narrow limits of a power to confirm the sale, or to vacate it in whole or in part, and to order another sale. It ends in one of these results. If it goes beyond this, it is an assumption of power not authorized by law. It is a judicial usurpation, and a disregard of a positive legal enactment that can not safely be sustained. And the rule, of error without injury, does not apply to such a case.—*Miller v. Hampton, Adm'r,* 37 Ala. 342. After refusing to sanction the first sale, the court of probate should have ordered a re-sale, as required by the statute in such case made and provided.

The order confirming the sale in the court below, from which this appeal is taken to this court, is reversed and set aside, and the court below will order another sale as required by law. The appellee, said John Gamble, administrator of the estate of J. J. Gardner, deceased, will pay the costs of this appeal in this court and in the court below,

out of the assets of said deceased in his hands to be administered.