# Lowe *v.* Guice.

*Bill in Equity to set aside Sale of Lands made under a decree of the Probate Court.*

1. *When courts of equity will not reopen decrees of courts of probate.* In the absence of facts and circumstances showing that a decree of the court of probate is inequitable, of which the party complaining could not have availed himself in that cause, when the decree was rendered, and that he is without fault or neglect, a court of equity can not reopen the litigation the decree was intended to close.

2. *Order of court of probate confirming sale of lands; its effect.*—The order of a court of probate confirming the sale of lands made by an administrator, is a decree of that court rendered on inquiry, all parties in interest having the opportunity of being heard, and of contesting or of supporting the sale; and if rendered in a case in which the court has jurisdiction, in the absence of fraud, such decree is final and conclusive of the adequacy of the price for which the lands sold, and of all other facts necessarily involved in its rendition, unless assailed on error or appeal.

3. *Same; when court of equity will not vacate.*—After the confirmation by the court of probate of the sale of lands by an administrator under a former decree of that court, mere inadequacy of the price for which the lands were sold is not a sufficient ground to authorize a court of equity to intervene to vacate the sale, there being an absence of all unfairness, and the parties interested not being surprised.

[Lowe v. Guice.]

APPEAL from Barbour Chancery Court.

Heard before JOHN M. McKLEROY, Esquire, acting as Special Chancellor.

The bill in this cause was filed on the 10th day of February, 1882, by James, Rhoda J. and Mary E. Lowe, the only children and heirs at law of John Lowe, deceased, the appellants, against the appellee, for the purpose of vacating and setting aside a sale of lands made by the administrator of their father's estate under the decree of the Court of Probate of Barbour county, on the ground that the price bid and paid for the lands was grossly inadequate. The bill shows that James Lowe became of age on the 3d of March, 1880, that Rhoda J. Lowe is about two years younger than James, and that Mary E. Lowe is still a minor; that the lands, about 380 acres, were sold in November, 1868, to Whitfield Clark for thirty-eight dollars, and the sale was duly reported on the 2d day of December, 1868, and on the second Monday in December, 1868, the sale was duly confirmed; that the value of the lands was two dollars per acre, and that the appellee is now the owner of the lands, he holding as a derivative purchaser under Whitfield Clark. A demurrer was interposed to the bill, which was sustained by the court and the bill dismissed. The decree of the Chancery Court sustaining the demurrer and dismissing the bill is here assigned as error.

WILLIAMS & WHITE, for appellants.—(1). In a private sale inadequacy of price is a badge of fraud.—*Gordon, Rankin & Co. v. Tweedy*, December Term, 1881. Is the rule different, or should there be a different rule when a representative sells real estate in which minors are interested? In one instance the sale is private and creditors are defrauded; in the other the sale is had under the forms of law, and the rights of infants who had an estate in the property sold are sacrificed. In the one case, the creditors have but an equitable lien, if that; in the other, infants own the land. The failing debtor has the right to sell for a fair and honest price; the representative can not do less and remain true to his trust. Is not inadequacy of price as much a badge of fraud in a judicial sale, as in a private sale? And when the inadequacy is so great as to "shock the conscience," is not the purchaser a party to the fraud equally with the vendor? If the consideration paid is, when compared with the actual value of the property, so trifling that fraud follows as a necessary or reasonable inference, the purchaser is certainly a party to the wrong. Being a party, he acquires no property that he can transmit, nor rights that another can derive from him. (2). It matters not that fraud may not have been intended either in the sale or in its confirmation. Fraud resulted in both

6

instances, and that is sufficient.   It was a constructive fraud.
2 Brick. Dig. p. 13.

PUGH & MERRILL, *contra.*—(1). The court of probate had
·acquired jurisdiction of the sale of the lands, and its action, to
the final confimation .of the sale, is regular.   Its decree of con-
firmation is, therefore, binding on all parties in interest.   While
the court of probate is a court of limited jurisdiction, when that
jurisdiction once attaches, its judgments and decrees, if regular,
are as conclusive and binding as are those of the highest courts
in the land.   If there was error in the decree of confirmation,
an appeal was the remedy of the parties aggrieved.   There was
no appeal, but the parties permitted the decree to remain undis-
turbed, and it is now binding and conclusive on them, although
they were minors.— *Waring v. Lewis,* 53 Ala. 615; *Otis,
Adm'r, v. Dargan,* 53 Ala. 178.   (2).   "When property is pur-
chased by a stranger, the sale will not be set aside for mere inad-
equacy of price, no matter how gross, unless there be some un-
fair practice at the sale, or unless there is surprise without fault
on the part of those interested; and in no case of this descrip-
tion, after confirmation of the sale, unless fraud can be imputed
to the purchaser, which was unknown at the time of the con-
firmation."—*Littell v. Zuntz,* 2 Ala. 256.   No fraud can be
imputed here.   Mere inadequacy of price can not, in any sense,
be deemed fraud in a judicial sale.   (3). If the complainants
ever had, after the confirmation of the sale, a right to maintain
this proceeding, they waited too long; and the court will not
now consider the question, especially after the land has passed
into the hands of sub-purchasers.—*Hunt v. Ellison,* 32 Ala.
173, and authorities there cited; *Daniel v. Modawell,* 22 Ala.
365; *Lankford v. Jackson,* 21 Ala. 650.

BRICKELL, C. J.—The purpose of the bill is the vacation
of a sale of ·lands, made under an order of the court of probate,
reported to, and confirmed by the court, and the purchaser let
into possession more than thirteen years before the bill was filed.
The jurisdiction of the court to order the sale, and to decree its
·confirmation, is apparent, and is not assailed.   Fraud is not im-
puted to the administrator, or to the purchaser, in making the
sale, in the report thereof to the court of probate, or in obtain-
ing the decree of confirmation.   The whole gravamen of the
complaint is, that · the price bid and paid for the lands was
grossly inadequate.

All sales of lands made by a personal representative under
a decree of the court of probate must be reported to the court
for confirmation.   Until confirmed the sale is *in fieri,*—the high-
est bidder proposes to the court to buy the lands at a specified

[Lowe v. Guice.]

price, which the court may accept or reject.—*Hutton v. Williams*, 35 Ala. 503; *Fore v. McKenzie*, 58 Ala. 115. Upon the report of sale being made, the statute commands the court to examine it, and, if deemed necessary, to examine witnesses in relation thereto. If, on such examination, the court is satisfied that the sale was not fairly conducted, or that the amount bid is greatly less than the real value of the land, it is the duty of the court to vacate the sale and order a re-sale. But if the court is satisfied that the sale was fairly conducted, and the land is sold for an amount not greatly less than its real value, and the purchase-money is paid, if the sale is for cash, or sufficiently secured, if the sale is on credit, an order of confirmation must be made.—Code of 1876, §§ 2463–67. The order of confirmation is a decree of the court rendered on inquiry, all parties in interest having the opportunity of being heard, and of contesting or of supporting the sale. Such a decree rendered by a court of competent jurisdiction, especially a court of exclusive jurisdiction, in the absence of fraud, must be final and conclusive of all facts necessarily involved in its rendition, when not assailed on error or appeal in an appellate jurisdiction. *Waring v. Lewis*, 53 Ala. 615. The single fact now relied on for the vacation of the sale is the fact the court of probate was bound to inquire into and determine before rendering the decree of confirmation. The decree of confirmation imports, that the court did inquire into and determine it—did examine, ascertain, and declare, that the lands were not sold for greatly less than their real value. The fact may be otherwise, but it is not open for contestation by the parties having the opportunity to be heard before the court, unless fraud could be charged to their adversaries in procuring the decree, or unless it was shown that the decree was the result of accident, without fault or negligence on their part. This court has inflexibly adhered to the principle, that unless facts or circumstances are shown, of which the party complaining could not have availed himself in the court of probate when the decree was rendered, facts or circumstances showing that the adjudication is inequitable, and that he is without fault or neglect, a court of equity can not re-open the litigation the decree is intended to close.— *Waring v. Lewis, supra; Otis v. Dargan*, 53 Ala. 178. In no case, after a sale has been confirmed by the court of probate, a stranger being the purchaser, in the absence of all facts and circumstances showing clearly that, without fault or neglect, the party complaining could not contest the confirmation in that court, will a court of equity intervene to vacate the sale. Inadequacy of price, however gross it may seem, there being an absence of all unfairness, and the parties interested not being

surprised, is not a ground upon which the court should inter-
vene.—*Littell v. Zuntz*, 2 Ala. 256.

Whether, after the length of time intervening between the
sale and its confimation, and the filing of the present bill, and
after the lands have been sold and passed into the possession of
others, purchasers for value, the court would in any event inter-
fere, is, to say the least, open to grave doubts.  But in no aspect
of the bill, is a case presented of which the court of chancery
could take cognizance.

Affirmed.