### MAXWELL *v.* LOWTHER *et al.*

(*Supreme Court, General Term, Third Department.* February 4, 1891.)

HUSBAND AND WIFE—SERVICES OF HUSBAND—LIABILITIES OF WIFE.

In the absence of an express agreement, a wife is not required to requite in cash, for the benefit of her husband's creditors, the services which her husband has voluntarily rendered her in aid of her separate business, solely upon considerations springing out of the marriage relation.

Appeal from judgment on report of referee.

Action by John S. Maxwell against John R. Lowther and Sarah E. Lowther. The plaintiff recovered a judgment, November 21, 1885, against John R. Lowther for $1,496. Execution issued thereon was returned unsatisfied. The plaintiff then brought this action against John R. Lowther and Sarah E., his wife, under section 1871, Code Civil Proc., to compel the discovery of money due from Mrs. Lowther to her husband, and the application thereof to the satisfaction of said judgment. The referee before whom the action was tried found that from January, 1884, to July, 1886, Mrs. Lowther and James E. Founer, as partners, carried on the business of building in the city of New York, and that Mr. Lowther, the judgment debtor, during all that time rendered services for his wife in the care and management of the partnership business, which, assuming there had been any express obligation on the part of Mrs. Lowther to pay for them, were reasonably worth $1,500; that there was no such contract,—the services were voluntarily rendered under no agreement whatever for compensation; that Mrs. Lowther during that time de-

frayed the expenses of her family, including those of her husband; that the partnership business was not profitable, and no advantage or profit accrued to Mrs. Lowther upon account of her husband's services. The referee held that the wife did not become indebted to the husband upon account of such services, and directed judgment for the defendant. From the judgment for defendant thereon plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Maxwell Brothers*, (*E. J. Maxwell*, of counsel,) for appellant. *Spink & Martin*, for respondent.

LANDON, J. It has been held that the wife's express agreement to pay her husband wages for his services in aid of her separate business could be enforced, (*Kingman* v. *Frank*, 33 Hun, 471;) but that, in the absence of an express agreement, it could not be, (*Lynn* v. *Smith*, 35 Hun, 275.) We have no doubt of the correctness of the latter decision. Whatever power the legislature may have conferred upon the wife to make contracts with her husband, (see *Hendricks* v. *Isaacs*, 117 N. Y. 411, 22 N. E. Rep. 1029; *Suan* v. *Caffe*, N. Y., 25 N. E. Rep. 488,) it has not required her to requite in cash, for the benefit of her husband's creditors, the services which her husband has voluntarily rendered her in aid of her separate estate or business, solely upon considerations springing out of the marriage relation. Between members of the same family the law will not imply a promise to pay for services rendered. *Williams* v. *Hutchinson*, 3 N. Y. 312. Judgment affirmed, with costs.

All concur.