# Bethea *v.* Bethea.

*Confirmation of Sale of Real Estate under Decree.*

1. *Sale; confirmation; advance offer.*—When property has been fairly sold for $9,500, after unusual advertisement, and competitive bidding, in which seven or eight men of ample means took part, the court will not refuse confirmation because of an advance offer after the sale of $500, and the opinion of real estate men that the property was worth from $11,000 to $16,000.

2. *Same; mistake in description.*—The court will not refuse confirmation of a sale because of a mistake in the description of the land, where the purchaser is satisfied, and where the prop-

[Bethea v. Bethea.]

erty was sold according to the description furnished by the muniments of title, and where the parties, opposing confirmation, being *sui juris* were present at the sale, and made no objection to or denial of a statement there made by persons interested in the sale, that the part not covered by the description would pass by the sale.

APPEAL from the City Court of Montgomery, in Equity. Heard before the Hon. A. D. SAYRE.

Kate Bethea and others filed a bill in equity for a sale for partition of certain property in the city of Montgomery. At the sale the property was purchased by one of the defendants to the bill, Henry Bethea, for $9,500. Mamie and Theodore Bethea, parties to the suit, filed objections to the confirmation of the sale, on the grounds, (1) that the property sold at a price greatly disproportioned to its real value; (2) that at a re-sale largely more than $9,500 would be bid for the property by a solvent purchaser; (3) that a portion of the property in which the parties were interested, was not included in the decree of sale. Fourteen witnesses were examind in support of these objections, who valued the property at various sums ranging from $11,000 to $16,500. Ten of these witnesses were real estate agents in the city of Montgomery.

The evidence showed that a guaranty had been filed by a solvent person that the property would bring at re-sale at least $10,000, and that she had instructed her agent to bid that much at the sale.

The opinion shows the other facts.

The objections to the confirmation were overruled and the sale confirmed, and Mamie and Theodore Bethea appeal.

WATTS, TROY & CAFFEY, for appellants.—The sale should be set aside on the ground of mistake.—*Mobile Cotton Press Co. v. Moore*, 9 Port. 686; *Mobile Branch Bank v. Hunt*, 9 Ala. 887; *McKee v. Logan*, 82 Mo. 526; *Moreman v. Hunt*, 3 Dana (Ky.) 621; *Anderson v. Faulke*. 2 Harris & Gill, 355; *Balgiano v. Cook*, 19 Md.

[Bethea v. Bethea.]

391; *Wood v. Parker*, 63 N. C. 379; *Dunn v. Herbs*, 58 Hunn, 457; *Holly v. Bass*, 68 Ala. 209.

The sale should be set aside for inadequacy of price. *Lankford v. Jackson*, 21 Ala. 653; *Eatman v. Eatman*, 83 Ala. 478; 12 Cyclo. Pl. 79, 84-5; *Wood v. Parker*, 63 N. C. 379; *Sayre v. Elyton Land Co.*, 73 Ala. 96; *Cockerell v. Coleman*, 55 Ala. 83; *Anderson v. Faulke*, 2 Harris & Gill 357; *Andrews v. Scotton*, 2 Bland (Md.) 664; *O'Donnell v. Lindsay*, 39 N. Y. Sup. 529; *Gwynne v. Heaton*, 1 Bro. 8.

ELMORE & ELMORE, *contra.*—No brief came to the hands of the reporter.

DOWDELL, J.—We approve the reasoning and concur in the conclusions of the learned judge, who tried this case. We are satisfied to adopt as the opinion of this court the opinion accompanying the decree and copied into the transcript, and which is as follows: "The sale is shown to have been fairly made after unusual advertisement and in the presence of a large crowd, and some of whom were men of ample means, and seven or eight of whom took part in the bidding. The propery was offered in lots and then as a whole. As a whole it brought $9,500. Persons who desired to buy would pay no more. In the fact of such a showing the opinion of real estate dealers cannot be taken for much. The minors interested in the property ask for a confirmation Adult parties oppose confirmation on two grounds (mere opinion as to value having been eliminated) · 1. An advance offer of $500; 2. A mistake in the description of the property. The advance offer is not enough. If sales were to be set aside on such considerations, confidence in them would be diminished, bidders would be discouraged, and amounts realized diminished.—*Graffam v. Burgess*, 117 U. S. 180; *Parker v. Bluffton*, 108 Ala. 140; *Glennon v. Mittcnight*, 86 Ala. 455. The property was sold acording to the description furnished by the muniments of title. The parties complaining of the sale,

being *sui juris,* stood by. They made no suggestion of a fact known to them until the sale had been elaborately advertised and made. And a portion of the testimony tends to show that at the sale one of the parties asking to have it set aside made a statement that the part not covered by the description would pass by the sale then made. This party denies that he made any such statement and his denial is accepted as true. But there can be no doubt that such statement was made by other persons interested in the sale. There was no demurrer to such statement, and it must be presumed that it was acted on by persons in attendance as possible bidders. This leaves the complaining parties in the attitude of speculating on the possible results of a mistake which was known to them. This cannot be allowed. The purchaser is satisfied with his title, and the court must be."

The decree will be affirmed.