# Williams *et al. v.* Norton *et al.*

*Bill in Equity to redeem Lands from under Mortgage*

1. *Equity pleading; proceedings before register; when report should be confirmed.*--Where the conclusions of a register in chancery, in stating an account upon a reference, are drawn from the oral examination of witnesses before him, the same weight and effect ought to be accorded his finding, as is given the verdict of a jury, and there arises a presumption of correctness as to such finding; and, therefore, if from the whole evidence, it is a matter of reasonable doubt whether his finding is correct, it should not be disturbed.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. JOHN C. CARMICHAEL.

The bill in this case was filed by the appellees as judgment creditors, to redeem certain lands described therein, from under a mortgage which had been given to the British and American Mortgage Company, one of the defendants, by B. R. Williams, another defendant, and which lands the British and American Mortgage Company had sold under the power of sale contained in said mortgage, and, as averred in the bill, had become the purchaser at said sale, without authority being given therefor in said mortgage.

The present is the third appeal in this case.   The second appeal was from a decree rendered by the chancellor on the former hearing granting complainants the relief prayed for.   This decree was affirmed, and the cause was remanded for further proceedings for the purpose of stating an account, etc.

The present appeal is prosecuted from the decree of the chancellor upon the register's report.   The facts in reference to the proceedings before the register and the decree rendered thereon, are sufficiently stated in the opinion.

GEORGE H. PARKER and E. C. HALL, for appellants, cited *Lehman v. Levy,* 69 Ala. 48; 3 Brick. Dig., 397, § 488; *Sanger v. French,* 157 N. Y. 213; *Foster v. Bookwalter,* 152 N. Y. 166.

WHITE & HOWZE and W. P. DICKINSON, *contra.*—In the decree of April 25, 1901, the chancellor did not in any respect vary the principles settled by the decree of February 17, 1899, or change the equities therein settled.   The only change made was in the matter of account, which are merely directions to the register and can be modified or altered by the chancellor at a subsequent term, if deemed unjust and incorrect. *Jackson County v. Gullatt,* 84 Ala. 248; *McCurdy v. Middleton,* 90 Ala. 101; *Marshall, Davis & Co. v. McPhillips,* 79 Ala. 145.

The chancellor could properly make the calculation upon any item in the report certain in amount and date, and need not refer the whole matter back to the register. *McCurdy v. Middleton,* 90 Ala. 101; *Chambers v. Wright,* 52 Ala. 444.

SHARPE, J.—Proceedings which are indicated by the reports of this case first in 113 Ala. 110, and next in 125 Ala. 522, established complainants' right as judgment creditors of the mortgagor Williams, to redeem from the mortgage held by the defendant mortgage company, the lands therein embraced.   After the last remandment a reference was held before the register to as-

certain the amount proper to be paid to effect the re-
demption. This, the third appeal, is from a decree on
the register's report of that reference. To that report
no exceptions were taken by defendants, but on excep-
tions filed by complainants, the court increased the
amount reported as chargeable against the defendant
mortgage company on account of the use and occupa-
tion of the land for the period elapsing since the com-
pany took possession under its voidable foreclosure and
purchase, thereby reducing the sum reported as paya-
ble for redemption, and this action, together with the
imposition of costs against the defendants, forms the
basis of the assignment of error.

The evidence adduced upon the reference relative to
the value of the use and occupation consisted of the tes-
timony of ten witnesses examined *ore tenus* before the
register. Four of those witnesses were introduced by
complainants and the estimates placed by them upon
the value of the use and occupation for each of the eight
years comprised in the period investigated, ranged from
two hundred to two hundred and fifty dollars. The re-
maining witnesses, testifying for the defendants, esti-
mated the yearly value during the same period, variously
at from one hundred to one hundred and twenty-five dol-
lars. The register adopted the latter sum as correct and
accordingly reported $2,657.48 as the balance to be paid
to extinguish the mortgage debt. The court in decree-
ing charged the mortgagee with one hundred and sev-
enty-five dollars per annum for the use of the land with
interest as accruing yearly on installments of that sum
and accordingly fixed the amount payable on the mort-
gage at $1,851.88.

The register's conclusion of fact having been drawn
from witnesses who were before him is attended with
the presumption of correctness; the rule which prevails
in the trial court and in this, is as stated in *Vaughn v.
Smith,* 69 Ala. 92, *i. e.,* "if from the whole evidence, it
be a matter of reasonable doubt, whether the findings are
correct; if there be evidence supporting them, and from
the evidence different persons equally impartial and in-

telligent might entertain different opinions, the findings ought not to be disturbed." See *American Freehold Land Mortgage Co. v. Pollard, ante,* p. 183; 35 S. R. 767; *Jones v. White,* 112 Ala. 449; *Anniston L. & T. Co. v. Ward,* 108 Ala. 85; *Gresham v. Ware,* 79 Ala. 192; *Mahone v. Williams,* 39 Ala. 202; *Kinsey v. Kinsey,* 37 Ala. 393; *Lehman v. Levy,* 69 Ala. 48.

Application of this rule to the evidence leads us to the conclusion that the register's finding as to the use and value should have been confirmed, for the record, as we view it, contains nothing sufficient to overturn the presumption that the finding was correct. The statute provides that "in deciding appeals from the chancery court, no weight shall be given the decision of the chancellor upon the facts."—Code, § 3826.

By the order of reference the register was directed to treat each annual charge for use and occupation as a payment on the mortgage debt made at the end of the year for which such charge accrued and apply the same first to the interest and then to the principal of the debt. By his finding, the value of the use and occupation was each year insufficient to extinguish the yearly interest on the debt, and hence the register in omitting to charge the mortgage company with interest as upon yearly installments of such value, acted in accordance with the order of reference and with our statutory mode of applying partial payments. Such omission, moreover, was not made a ground of exception to the report. The decree appealed from will be reversed and the cause will be remanded with directions that the register's report be confirmed, and that the same be taken as fixing the amount which at the time of its filing was proper to be paid for redemption. To pass on the question of costs in the chancery court is unnecessary, since the reversal leaves the costs to be hereafter disposed of in that court.

Reversed and remanded.