# Roy, et al. v. O'Neill.

### Administration of Estate.

(Decided June 2, 1910.   52 South. 946.)

1. *Equity; Reference; Re-reference; Discretion.*—Where, upon reference to the register to ascertain whether or not certain lands had brought a fair and adequate price, the register reported that a named purchaser had withdrawn his bid, and that as to that particular land the sale be not confirmed, it was within the discretion of the chancellor to order a re-reference of this matter to the officer upon ascertaining that the register's information that the bid had been withdrawn, was incorrect.

2. *Judicial Sales; Validity; Adequacy of Price.*—In a proceeding by a creditor to collect a debt a properly advertised and fair sale will not be set aside for mere inadequacy of price.

3. *Executors and Administrators; Sale for Distribution; Confirmation.*—Where lands of an estate are sold for distribution, whether or not the sale will be confirmed rests largely in the discretion of the chancellor.

4. *Same; Offers After Confirmation.*—Offers of a larger price made by the heirs after confirmation of the sale cannot affect such sale.

5. *Same; Vacation; Resale.*—Where the chancellor orders a vacation of a sale of land for distribution, he cannot direct that a conveyance be made to the heirs upon their offering a larger price; his only power being to order another sale.

6. *Appeal and Error; Review; No Ruling to Support.*—Motion for a new trial presents nothing for review on appeal where no ruling of the court thereon is shown.

7. *Same; Finding of Register; Conclusiveness.*—A register's finding based on his examination of witnesses orally is presumed to be correct.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

[Roy, et al. v. O'Neill.]

The estate of James A. Roy, deceased, was removed from the probate to the chancery court, and an order was made for the sale of land for distribution, and upon the coming in of the report, on objection made by the heirs, an order was entered referring to the register to ascertain if the sale should be confirmed. The register reported that all of the land brought a fair and adequate price except a certain part the bid for which had been withdrawn, and recommended that its sale be not confirmed. Subsequently, the register reported that his information as to that matter was incorrect, and the matter was re-referred to him for re-report. He reported that the bid had not been withdrawn and that the land brought a fair price and recommended that the sale be confirmed. In the meantime, the heirs offered a larger sum and prayed that a conveyance be executed to them to said lot. This the court declined to do, and the heirs appeal. Affirmed.

STERLING A. WOOD, for appellant. No presumption in favor of the decision of the chancellor on the facts is indulged.—Sec. 5955, Code 1907; *Shows v. Folmar*, 133 Ala. 605. O'Neill had abandoned his bid and his neglect to insist upon the same deprives him of any right. The price was inadequate and the sale should have been set aside.—*Field v. Gamble*, 47 Ala. 443; *Parker v. Bluffton*, 108 Ala. 140; *Cruikshanks v. Luttrell*, 67 Ala. 318.

TOMLINSON & McCULLOUGH, for appellee. An administrator's sale will not be vacated unless the sale was for an amount greatly less than its real value."—Code of Alabama, Sec. 2639; *Parker v. Bluffton Co.*, 108 Ala. 140; *Glennon v. Mittenight*, 86 Ala. 455; Fifth Mayfield's Digest, 574; *Graffam v. Burgess*, 117

U. S. 180; *Bethea v. Bethea,* 136 Ala. 584. "The rule of presumption is in favor of a finding of the register from testimony taken before him on a reference."—*Kinsey v. Kinsey,* 37 Ala. 397; *Anniston L. & T. Co. v. Mortgage Co.,* 108 Ala. 88; *McQueen v. Whetstone,* 127 Ala. 432; *Pollard v. Mortgage Co.,* 35 South. 767; *Cobb v. Malone,* 92 Ala. 632; *Williams v. Norton,* 36 South. 11. "Confirmation rests in the sound discretion of the court."—*Eatman v. Eatman,* 83 Ala. 480; *Grider. v. Tally,* 77 Ala. 425. "The acceptance and retention of the purchase money is a waiver of the right to attack said sale."—*Smith v. Lusk,* 119 Ala. 394. Finding of register is exercise of judicial power.—*Grider v. Tally,* 77 Ala. 425.

SIMPSON, J.—The administration of the estate of James A. Roy was removed from the probate into the chancery court; and, under a decree of said court, the lands of said estate were ordered to be sold for distribution. Said sale was made, and report of the same made to the court by the administrator; but, before confirmation of the sale, exceptions were filed by the heirs, claiming that the sales of various named parcels were made for amounts greatly disproportionate to their values. Thereupon the court ordered a reference by the register, to have ascertained and reported whether any of said properties "sold for less than their full and fair value." The register made his report (September 13, 1909), stating that certain witnesses had testified before him; that he had reduced their testimony to writing and attached the same to his report; that no testimony was offered as to east half of lot 7, block 5, Birmingham, purchased by John W. O'Neill for $8,500; that he had been informed that O'Neill's bid had been withdrawn, and he therefore recommended

that the sale of said property be not confirmed; but that the other property brought a fair price. (There is evidently a mistake in the description, leaving out lot 8, as shown by other parts of the record.) On September 23, 1909, the register filed a paper stating that John W. O'Neill had informed him (and had made an affidavit to that effect) that he (the register) had been misinformed as to the withdrawal of his bid for lot 8 and east half of lot 7, block 5, Birmingham. The register, accordingly, requests that the matter be again referred to him. A motion was made to strike from the files said supplemental report of the register, on the ground that the five days for exceptions having expired, the original report stood for confirmation; said O'Neill having, by laches, lost any right to except to the same. This motion was overruled, and a decree was rendered on October 30, 1909, referring the matter back to the register, in accordance with his request, and authorizing him to consider the testimony on file in the previous report; and on November 17, 1909, the register made another report, recommending the confirmation of all of the sales, and attaching additional testimony taken. Exceptions to said report were overruled, and the report was confirmed December 9, 1909. On December 15, 1909, the adult heirs appeared in court and offered $12,500 for said property which had been bid in by O'Neill for $8,500, and prayed that the same be conveyed to them; and said petition was denied January 17, 1910. A petition was filed by O'Neill praying that the property be delivered to him, which was demurred to and answered, and this appeal is from the final decree, overruling demurrers, fixing the amount of the supersedeas bond for appeal, etc.

It is insisted, first, that the chancellor erred in making the order of re-reference to the register.

This is a matter which rested in the discretion of the chancellor, and will not be revised on this appeal.— *Nunn v. Nunn*, 66 Ala. 36, 38; *Gordon, Rankin & Co. v. Tweedy*, 74 Ala. 233, 236, 49 Am. Rep. 813.

At first sight there seems to be some confusion in the cases as to the principles which should control, in a court of equity, in regard to affirming, or refusing to affirm, sales made under its orders; but the seeming conflict may be to a great extent explained by the fact that some of the cases relate to sales under mortgages, or creditors' bills, or other proceedings to enforce the collection of a debt.

It is evident that, when a creditor is proceeding to collect his debt, he is not under any obligation to see that the property of his debtor brings a reasonable price, but is entitled to enforce it whether the property brings its value or not; the owner being protected by the redemption statutes. It therefore follows that, in such proceedings, if the sale is properly advertised, and fairly sold, according to law, the sale will not be set aside merely for inadequacy of price.—*Littell v. Zuntz*, 2 Ala. 256, 260, et seq., 36 Am. Dec. 415; *Helena Coal Co. v. Sibley*, 132 Ala. 651, 654, 32 South. 718; *Mahone v. Williams*, 39 Ala. 202, 220.

The case of *Bethea v. Bethea*, 136 Ala. 584, 34 South. 28, was a bill for sale for partition among joint owners, and the court does not state distinctly whether the above principle governs, but states the facts that the sale was made after unusual advertisement, in the presence of a large crowd; that men of large means were among the bidders; that, "in the face of such a showing the opinion of real estate dealers cannot be taken for much"; that the advance offer was only $500 on a purchase of $9,500; that the parties complaining were sui juris who stood by and made no suggestion of the mis-

take in the description (which was one of the reasons set up for a refusal to confirm); also that the statement was made by the parties complaining, or others, at the sale, that the part not covered by the description would pass by the sale, no objection being made to the statement; and that "this leaves the complaining parties in the attitude of speculating on the possible results of a mistake which was known to them. This cannot be allowed." The court, accordingly, affirmed the decree confirming the sale.

On the other hand, this court refused to declare the chancellor in error for refusing to confirm a sale, in a case seeking to foreclose a deed of trust, wherein the evidence was in conflict with regard to the value of the property, with the weight probably in favor of confirming the sale; but the fact established that a much larger price will be paid for the property on resale.— *Montague et al. v. International Trust Co.,* 142 Ala. 544, 38 South. 1025.

Also, on a bill by one tenant in common for a sale for partition, this court refused to disturb the decree of the chancellor overruling objections to the confirmation of a sale, though there were affidavits to the effect that the land was worth twice as much as sold for, because there was "no guaranty that, upon a resale, it should fetch a higher price than was obtained."—*Cockrell v. Coleman's Adm'r,* 55 Ala. 583, 589.

It is not necessary, in this case, to determine just what theory will govern in partition sales.

When the court, in the progress of administration, grants an order for the sale of the lands of the estate, it seems that a different principle applies. The rights of no creditor to the enforcement of his claim is involved, and it seems proper and equitable that the court should see that a reasonably fair price is obtained, be-

fore confirming the sale. Accordingly, section 2642 of the Code of 1907 provides that the court must be satisfied not only "that the sale was fairly conducted," but also that "the land sold for an amount not greatly less than its real value," before confirming the sale.

It is true that said section relates to proceedings in the probate court; but this court has held in this case, when before this court, at a previous term, that the requirements of the Code in ordering sales of land in the probate court must be complied with, in the chancery court (*Roy v. Roy,* 159 Ala. 555, 48 South. 793), and, aside from that decision, as the chancery court is making the sale for the same purpose, and the same reasons apply, it would at least furnish a rule to guide the discretion of the chancellor. Accordingly, in sales made by order of the probate court, it has been held that the sale is incomplete and rests in negotiation, until confirmed, and that the court is the vendor, and it may reject the offer "if the sale has not been fairly conducted, * * * or if the price is disproportionate to the value of the lands," etc.—*Cruikshank v. Luttrell,* 67 Ala. 318, 321, 322; *Howison v. Oakley et al.,* 118 Ala. 215, 237, 23 South. 810.

Although this is the rule with regard to the confirmation of sales of the lands of an estate for distribution, yet the very nature of the case is such that much must be left to the discretion of the chancellor. though it is a judicial discretion, to be used in accordance with the rules established by statutes and decisions.

A difference between the amount bid ($305), and the value of the land ($328.17), was, of course, held to be not such a disproportion as to authorize a refusal to confirm.—*Glennon v. Mittcnight,* 86 Ala. 455, 5 South. 772.

Also, in a case where there was a conflict in the proof as to value, this court said: "In this state of the evidence, and considering the opportunities of the witness to form a correct judgment, we cannot say that the court erred in refusing to confirm."—*Eatman v. Eatman*, 83 Ala. 478, 3 South. 850.

Next, as to the presumption in favor of the report of the register, the writer confesses that it does seem something of an anomaly in our law that the conclusion of one man (or woman), and that, too, only the clerk of the court, should carry with it the same force and effect as the verdict of a jury, and have greater weight than the decision of the chancellor himself, for the statute provides that there shall be no presumption in favor of the correctness of the chancellor's decree. Yet doubtless this rule was originally adopted, and still rests on the idea that the register had the witnesses before him, and the full force of their manner and testimony cannot be photographed in the written statement of their testimony.—*Mahone v. Williams*, 39 Ala. 202, 221; *Anniston Loan & Tr. Co. v. Ward Co. et al.*, 108 Ala. 85, 88, 18 South. 937; *Jones v. White*, 112 Ala. 449, 451, 20 South. 527; *McQueen v. Whetstone, Adm'r*, 127 Ala. 418, 431, 432, 30 South. 548; *Pollard v. Am. F. L. M. Co.*, 139 Ala. 183, 200, 201, 35 South. 767; *Williams v. Norton*, 139 Ala. 402, 404, 36 South. 11.

Doubtless it is true, as suggested by counsel, that if the register's report is based entirely on written testimony by deposition, which comes up before this court in the same shape as he had it, the reason of the rule would fail, and there should be no presumption in favor of his report; but that is not the case here. The witnesses were examined by him orally, and he reduced their testimony to writing, so that he had the benefit of observing their manner, etc., and therefore, under our

decisions, the rules of the presumption in favor of the correctness of his findings must be followed.

In the case of *Jones v. White, supra,* this court said: "The evidence before the register, consisting for the most part of the oral testimony of witnesses, and being presented to the chancellor and here in written form, the rule laid down in *Woodrow v. Hawving,* 105 Ala. 240 (16 South. 720), and also the general rule to be observed in reviewing findings of fact by the register on reference (*Mahone v. Williams, supra* [39 Ala. 221]), required the chancellor and requires us to indulge all reasonable presumption in favor of the register's decision upon questions of fact, and not to reverse it unless clearly satisfied that it is wrong."

While several witnesses place the value of the property at from $12,500 to $20,000, yet they do not testify specifically as to the condition of the improvements; some saying that they had not seen the property for two years.

On the other hand, several witnesses testify that the buildings are in bad repair, the plumbing all out of repair, that it will take from $3,000 to $3,500 to put it in repair, and that $8,500 is a fair price for it.

So the evidence is in conflict on the value, and also in conflict on the question as to whether O'Neill agreed to give up his bid, and his money is still in the hands of the administrator.

We cannot attach much, if any, weight to the offer, by the heirs, of $12,500, as that was not made until after sale had been confirmed. It was then too late to make the offer.—*Field et al. v. Gamble, Adm'r,* 47 Ala. 443; *Lowe v. Guice,* 69 Ala. 80, 83.

This court said, in another case: "The order or decree of confirmation is essentially a judgment; it fixes the rights and liabilities of the purchaser, and

operates a divestiture of title."—*Sayre v. Elyton Land Co.,* 73 Ala. 96.

It may be noted also that the offer of the adult heirs did not guarantee that the sum of $12,500 would be bid at another sale, but that they simply offered that amount and requested that the property be conveyed to them, which the chancellor could not do.

If, for any cause, the first sale was vacated, the court could only order another sale.—*Howison v. Oakley et al.,* 118 Ala. 215, 237, 23 South. 810; *Cruikshank v. Luttrell,* 67 Ala. 318, 322, 323.

There being no ruling on the motion for a new trial, no question is presented to this court on that subject.— *Ala. Nat. Bank v. Hunt et al.,* 125 Ala. 512, 518, 28 South. 488, and cases cited.

Finding no error in the record, the decree of the court is affirmed.

Affirmed.

ANDERSON, MAYFIELD, and SAYRE, JJ., concur.