MOORE, Judge,
dissenting.
Because I believe Browning did not prove “special circumstances” to justify his failure to timely seek relief from the execution sale, and because I further believe that the sale should not be set aside, I respectfully dissent.
In Garris v. Federal Land Bank of Jackson, 584 So.2d 791, 795 (AIa.1991), our supreme court explained that when a debt- or fails to file an action -to set aside a forced sale within the redemption period, the law presumes, in the absence of special circumstances, that the debtor has ratified the sale. Although Garris did not outline the “special circumstances” that would justify a delay in the filing of an action to set aside a forced sale, it is obvious from the context of that case that a delayed filing would be allowed only when circumstances prevent the debtor from truly ratifying the sale and when circumstances prevent the debtor from filing his action within the redemption period. In this case, it is undisputed that Browning was fully aware that his homestead, and not some other unnamed property, had been sold at the execution sale to Palmer for a very low price and that, with full knowledge of those facts, Browning did not file an action to set aside the sale until the redemption period had expired. Browning presented no evidence indicating that he had been prevented from challenging the sale either by some legal incapacity, fraud, mistake, or any other reason, and he presented no evidence indicating that he had been precluded from filing his action to set aside the sale because of any reasonable belief that Palmer would not enforce his property rights.
The main opinion concludes that Palmer’s actions in allowing Browning to continue to reside on the property and to continue to pay the mortgage and insurance payments without demanding possession of the property refute the presumption of ratification. I cannot agree. It is undisputed that Palmer obtained a deed to the property on December 2, 2003, and that he paid the property taxes in 2004 and 2005. These actions should have put Browning on notice that Palmer considered himself the owner of the property. Browning *531 could not have reasonably inferred that because Palmer had not immediately filed an eviction action Palmer was never going to enforce his property rights. Moreover, the record contains no evidence indicating that Browning had made the mortgage and insurance payments under the reasonable belief that he, not Palmer, owned the property or that Palmer’s actions had led him to believe that Palmer was not going to exercise his property rights. From all that appears in the record, Browning simply continued making those payments because he believed he had to pay regardless of who owned the property or in the mere hope that Palmer would not enforce his property rights.
Under the reasoning relied upon in the main opinion, a debtor would always be justified in delaying the filing of an action to set aside an execution sale when the purchaser awaits the expiration of the redemption period before requesting that the debtor vacate the premises. However, it is only prudent for a purchaser to await the expiration of the one-year redemption period to enforce the purchaser’s property rights because it is only then that those property rights become unencumbered by the debtor’s right to set aside the execution sale. In this case, it could just as easily be said that by paying the mortgage and insurance, Browning had lulled Palmer into believing that Browning would exercise his right to move to set aside the sale and that Palmer acted only after it became clear that Browning would not or could not exercise those rights.
Even if Browning did present special circumstances to justify extending the statute of limitations, he did not present any evidence to warrant the sale being set aside. Section 6-9-147, AIa.Code 1975, allows an execution sale to be set aside only when the sale was infected with “fraud, oppression, irregularity, or error to the injury of either party.” I do not believe that Browning proved that he had been injured in any way by the alleged errors in the execution sale. Furthermore, “it has been held that in no such case, where a stranger purchases [the property at an execution sale], will a sale be set aside ..., unless fraud can be imputed to the purchaser, which was unknown to those interested _” Martin v. Jones, 268 Ala. 286, 289,105 So.2d 860, 862 (1958). The record contains no evidence indicating that Palmer, who indisputably was a stranger to the property, the mortgage, the underlying judgment, and the levy against the property, had committed any fraud or other wrongdoing in relation to the purchase of the property.
Finally, I note that when a debtor seeks to set aside an execution sale under § 6-9-147, the debtor is not entitled to have title restored to the debtor permanently; the debtor is only entitled to another execution sale. See Martin v. Jones, 268 Ala. at 289, 105 So.2d at 863 (“ ‘If, for any cause, the first sale was vacated, the court could only order another sale.... ’ ... The extent of equity jurisdiction in such a case is to vacate the sale and order a resale, with the additional power to remove the instrument of conveyance to the purchaser at the sale vacated as a cloud on the title of the party seeking the resale.” (Quoting Roy v. O’Neill, 168 Ala. 354, 363, 52 So. 946, 949 (1910))). However, in this case, because Browning remained on the property beyond his right to do so, and because he eventually paid off the debt owed to South-Trust, there is now no judgment against which to conduct another execution sale. This fact demonstrates the error of the main opinion and underscores the justification for an established period in which to challenge an execution sale. Although Browning failed to timely satisfy his judgment, failed to honor the execution sale, and failed to timely pursue his legal reme *532 dies arising from that execution sale, it nevertheless appears that he will remain vested in the property. This result will only be detrimental to the execution-sale process. See, e.g., Martin v. Jones, supra (recognizing that setting aside forced sales for other than compelling reasons renders forced sales unstable, thereby discouraging bidders and diminishing the amounts realized at such sales).
For the above-stated reasons, I respectfully dissent.
PITTMAN, J., concurs.