[Scruggs v. The State.]

# Scruggs *v.* The State.

## *Hunting on Lands Without Permission.*

(Decided Dec. 16, 1909.  51 South. 302.)

1. *Criminal Law; Election of Offenses; Evidence.*—Where the prosecutor was not certain as to the date when he saw the defendant on his land but thought that it was after Christmas, and another witness who was there but one time put it in November, there was no occasion for the election by the state since it was open to the trial court or the jury to find that both witnesses referred to the same time and offense.

2. *Appeal and Error; Record; Review.*—Motion to exclude parts of the testimony of the witness taken on re-direct examination cannot be reviewed on appeal where the record fails to disclose a redirect examination of the witness.

3. *Same; Finding of Court; Conclusiveness.*—The finding by a trial court sitting without a jury, on the facts, on oral testimony will not be reversed unless plainly erroneous.

4. *Criminal Law; Evidence; Sufficiency.*—Where the evidence produced, afforded a reasonable inference of the guilt of the defendant, the court properly refused to exclude all of such evidence.

APPEAL from Walker Law and Equity Court.

Heard before Hon. T. L. SOWELL.

George Scruggs was convicted of hunting on the lands of Paul Eads without permission, and he appeals. Affirmed.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney General, for the State.

ANDERSON, J.—The witness Eads was not positive as to when he saw the two men on his land, but thought it was Christmas; and the fact that the witness Shaw put the time in November, inasmuch as he was there but one time, did not necessarily show a separate and

distinct offense or time from the one testified to by Eads so as to require an election, as it was open for the trial court, sitting as a jury, to find that both witnesses referred to the same offense.

We cannot put the trial court in error for overruling the motion of defendant upon cross-examination to exclude certain parts of the testimony of the witness Eads. The motion was to exclude certain testimony on "redirect" examination, and the record fails to show a "redirect" examination of this witness.

The trial court did not err in refusing to exclude all of the state's evidence in its entirety, as it was sufficient to go to the court, sitting as a jury, to create reasonable inferences of the guilt of the defendant. Nor can we reverse the conclusion of the court. The trial court saw and heard the witnesses, and the conclusion reached was like unto the verdict of a jury, and will not be reviewed here unless plainly erroneous, and we are not prepared to say that the verdict in this case is plainly erroneous.—*Woodrow v. Hawving,* 105 Ala. 240, 16 South. 720.

The judgment of the law and equity court is affirmed. Affirmed.

SIMPSON, MCCLELLAN, and MAYFIELD, JJ., concur.