# Bidwell v. Johnson, et al.

### Removal of Estate.

(Decided December 16, 1915.   70 South. 685.)

**Appeal and Error; Review; Finding of Register; Reference.**—Under subdivision 1, § 5955, Code 1907, the finding of a register based on the oral examination of witnesses is presumptively correct, and if there is a reasonable doubt as to whether it is correct, such finding should not be disturbed; this rule applies to the review of his holding both by the Chancellor and by the Appellate Courts.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS H. SMITH.

The original bill was filed by Howard D. Johnson and others against Jennie H. Bidwell, executor, etc., for the removal of an estate from the probate to the chancery court, which order was granted, and upon a reference the master determined that the solicitor for complainant in the original bill was entitled to compensation from the estate for services rendered, and decreed accordingly. It is from this decree, and the overruling of exceptions to the master's report, that the executrix appeals and of which she complains. Affirmed.

GREGORY L. SMITH, for appellant. FREDERICK G. BROMBERG, for appellee.

THOMAS, J.—On the first appeal the law having application to the facts was fully discussed. See *Bidwell v. Johnson et*

*al.*, 191 Ala. 195, 67 South. 985. After several motions in the probate court tending to the security of the trust estate, the bill for removal of the cause into the chancery court was filed.

From a careful consideration of the whole record, and of the briefs and arguments of counsel, we are of the opinion that the chancellor correctly found that services had been rendered by the solicitor of complainants looking to the conservation and to the common benefit of the trust estate, and that no error was committed in the allowance to this solicitor of the sum of $500 for his said services rendered in the cause. The decree of reference as to the claim for fees of complainants' solicitor was couched in these words: "At the same reference he [the register] will determine * * * what would be a reasonable compensation to the solicitor for complainants in this cause."

Pursuant to this submission the register reported that, "After careful consideration of the evidence offered before him, the register is of the opinion that complainants' solicitor is entitled to compensation for removing the estate into this court," and he therefore "allowed the solicitor the sum of $500 for his services in this cause." The submission was had on the original testimony, some of which was taken orally before the register, and some new testimony.

The decision in *Chancellor v. Teel et al.*, 141 Ala. 634, 37 South. 665, was to the effect that, where the conclusions of the register are drawn, not merely from depositions, but from oral examinations or pleadings before him, the same weight and effect should be given and accorded to his finding that would be given to the verdict of a jury, and that if, from the whole evidence before the register, it is a matter of reasonable doubt whether his finding is correct, it should not be disturbed. This rule is supported by many decisions of this court. A register's finding based on the examination of witnesses orally is presumed to be correct.—*Pollard v. American Freehold Land Mortgage Co.*, 139 Ala. 183, 200, 35 South. 767; *Faulk & Co. v. Hobbie Grocery Co.*, 178 Ala. 254, 268, 59 South. 450; *Jones v. White*, 112 Ala. 449, 20 South. 527; *Anniston Loan & Trust Co. v. Ward & Co.*, 108 Ala. 85, 18 South. 937; *Roy et al. v. O'Neill*, 168 Ala. 361, 52 South. 946; *Vaughan v. Smith*, 69 Ala. 92. The rule applies to the review of the register's holding, both by the chancellor and on appeal from his decision by the Supreme Court.

[Gravlee v. Cannon.]

—*Pollard v. American Freehold Land Mortgage Co., supra; Roy et al. v. O'Neill, supra;* Code 1907, § 5995, subd. 1.

The cause is affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.