# Andrews, et al. v. Grey.

### Bill to Cancel Mortgage and to Quiet Title.

#### (Decided February 1, 1917.  74 South. 62.)

1. **Appeal and Error; Review; Findings of Chancellor; Statute.**—Code 1907, section 5955, subd. 1, providing that on chancery appeal no weight shall be given chancellor's decision upon facts, but Supreme Court shall weigh the evidence, applies only where the judge trying the issue had not the advantage of seeing the witnesses.

2. **Appeal and Error; Findings of Chancellor; Presumption; Statute.**—The Legislature intended by enactment of Gen. Acts 1915, p. 705, providing for the taking of oral testimony before chancellor, the same presumption by Supreme Court in favor of chancellor's findings as are accorded to those of a register under construction of Code 1907, section 5955, subd. 1.

APPEAL from Talladega Chancery Court.

Heard before Hon. W. W. WHITESIDE.

Bill by Randolph Grey against J. D. Andrews and others to cancel a mortgage and to quiet the title.  Decree for complainant and respondents appeal.  Affirmed.

GRAVES EMBRY for appellants.  ISADORE SHAPIRO and RIDDLE & BURT for appellee.

THOMAS, J.—The appeal is from a decree of the chancery court, canceling a mortgage, purporting to have been executed by appellee and wife upon the lands specifically described in the bill.

The testimony was taken orally, in open court, under the provisions of the act of September 22, 1915 (Gen. Acts 1915, p. 705). The act provides, among other things, that in all cases in equity the judge or chancellor before whom the case is spending may, at any time before final decree, cause any or all of the witnesses to be examined orally before him in open court.  The chancellor, therefore, had the opportunity in this case of seeing and hearing the witnesses, and of observing their demeanor, when giving their testimony in the cause, which is enjoyed by the judge trying a civil cause at law without the intervention of a jury (*Hackett v. Cash*, 196 Ala. 403, 72 South. 52; *Finney v. Studebaker*

*Corp.,* 196 Ala. 422, 72 South. 55; *Thompson v. Collier,* 170 Ala. 469, 54 South. 493; *Woodrow v. Hawving,* 105 Ala. 246, 16 South. 720; *DeVendell v. Hamilton,* 27 Ala. 156; *Bott v. McCoy,* 20 Ala. 578, 56 Am. Dec. 223; *Barnes v. Mayor,* 19 Ala. 707; *Etheridge's Case,* 18 Ala. 565), or by the judge in a criminal case (*Scruggs v. State,* 165 Ala. 121, 51 South. 302), or by the trier of facts on testimony given viva voce in the presence of the probate court (*Nooe v. Garner,* 70 Ala. 443, 446; *Bell v. Bell,* 183 Ala. 645, 62 South. 833), or by the trial judge in passing on a motion for a new trial (*Jackson Lumber Co. v. Trammell, infra,* 74 South. 469, or by a register in chancery in finding a submitted issue of fact, from evidence given viva voce, or from pleadings before him (*Bidwell v. Johnson,* 195 Ala. 547, 70 South. 685; *Chancellor v. Teel,* 141 Ala. 634, 37 South. 665; *Pollard v. Mortgage Co.,* 139 Ala. 183, 35 South. 767; *Faulk & Co. v. Hobbie Grocery Co.,* 178 Ala. 254, 59 South. 450; *Roy v. O'Neill,* 168 Ala. 354, 52 South. 946; *Jones v. White,* 112 Ala. 449, 20 South. 527; *Anniston v. Ward,* 108 Ala. 85, 18 South. 937; *Vaughan v. Smith,* 69 Ala. 92).

(1) In the decisions as to findings of fact by the register on evidence given viva voce, section 5955, subd. 1, of the Code of 1907 has, in effect, been made to apply only to cases where the judge trying the issue of fact has not the advantage of seeing and hearing the witnesses and of noting their manner on the stand, which facts, of necessity, may or may not influence the decision or finding.

(2) In view of the constructions of like statutes by this court, in connection with the construction given to section 5955 (subdivision 1) of the Code, as to findings of fact by the register, matters of public knowledge when the act of September 22, 1915, was passed, we cannot escape the conclusion that by this new statute the Legislature intended that where the evidence is taken orally, in open court, before the chancellor, the same presumptions must be indulged in favor of the chancellor's finding that are now accorded to a finding of fact by the register. See *Alabama, Tennessee & Northern Railway Co. v. Aliceville Lumber Co., infra,* 74 South. 441, for analogous ruling. This rule is not in conflict with the construction of this section of the statute, found in *Huntsville Elks' Club v. Garrity-Hahn Co.,* 176 Ala. 128, 131, 57 South. 750; *Thornton v. Esco,* 181 Ala. 241, 61 South. 255, and *Shows v. Folmar,* 133 Ala. 599, 32 South. 459. These

cases were tried before the statute was enacted, and the testimony was not taken ore tenus before the chancellor.

Having due regard for the burden of proof, and after a careful examination of the evidence, we are of opinion that the chancellor correctly ordered and decreed that complainant was entitled to relief, that the respondents have no interest in the lands in controversy by a virtue of the mortgage in question or by reason of any assignment or foreclosure thereof, and that the mortgage be annulled and canceled. The common justice of the situation has been enforced by the chancellor (*Chance v. Chapman*, 195 Ala. 513, 70 South. 676), without taking into view the rule of the act of September 22, 1915.

The decree of the chancery court is affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.