(95 South. 6)

### MABRY v. RAY. (5 Div. 814.)

(Supreme Court of Alabama. Jan. 4, 1923.)

1. **Appeal and error** ☞1017—**Equity** ☞409—**Register's finding presumptively correct.**

Under Code 1907, § 5955, subd. 1, the finding of a register based on the oral examination of witnesses is presumptively correct, and, if there is reasonable doubt as to whether it is correct, such findings should not be disturbed by the review of his holding by the trial judge or by appellate courts.

2. **Equity** ☞409—**Where register's report based on mistake of legal effect of evidence, trial court authorized to make findings of fact.**

Where the register's report in a suit for accounting between parties in a joint adventure proceeded on a mistake of the legal evidence before him, the trial court was authorized to disregard the usual presumptions attending such findings, and proceed to a finding of facts from the legal, material, and relevant evidence submitted.

Appeal from Circuit Court, Coosa County; W. L. Longshore, Judge.

Bill by M. A. Ray against G. M. Mabry for the dissolution of a partnership existing between the parties, accounting, etc. From the decree, respondent appeals. Affirmed.

S. J. Darby, of Alexander City, and Felix L. Smith & Son, of Rockford, for appellant.

The register's conclusions on the facts will be sustained unless palpably wrong. 108 Ala. 85, 18 South. 937; 37 Ala. 393; 105 Ala. 240, 16 South. 720.

J. Sanford Mullins, of Alexander City, and John A. Darden, of Goodwater, for appellee.

Where the finding of the register is referable to a mistake or misapplication of the law, it carries no presumption of correctness. 139 Ala. 183, 35 South. 767; 118 Ala. 246, 24 South. 80.

THOMAS, J. The suit was for accounting between parties in a joint adventure. Julian v. Woolbert, 202 Ala. 530, 81 South. 32; Grand Bay Land Co. v. Simpson, 205 Ala. 347, 87 South. 186; Lunsford & Malone v. Shannon, ante, p. 409, 94 South. 571.

There was a register's report which was set aside by the court on the ground that the same was not comprehensive. The last order of submission contained the direction that the—

"register of this court hold a reference and ascertain amount each of the parties have paid into the partnership, including work, labor, or money, amount each has received from said partnership and the balance on hand, and to what each of said partners are entitled to receive out of proceeds in hand of register."

In obedience thereto the register made a report of his (second) reference, to which exceptions, taken by appellee, were sustained. That decree contains, among other things, the following:

" * * * The court is of the opinion and so holds that the register was in error in ascer-

taining that the respondent, Mabry, contributed to the partnership funds the sum of $2,343.45 out of his moneys; and that the register erred in finding that it was impossible from the testimony to ascertain approximately the amount each partner received from the partnership funds.

"From like testimony the court ascertains that the complainant, the said M. A. Ray, paid into the partnership the sum of $619.12, and this without any consideration of his individual services for the partnership which was offset by personal services of respondent in the common enterprise. The court further finds from the testimony that respondent failed to contribute his one-half the expenses of services rendered by complainant's team and hand for hauling for the partnership of approximately $500, which this complainant contributed, for which he received no compensation or remuneration of the respondent, total of approximately $900 was thus contributed by the complainant, against which the respondent contributed approximately $1,100 to place the amount at the largest possible figures he could have contributed."

[1] Under subdivision 1, section 5955, of the Code of 1907, the finding of a register based on the oral examination of witnesses is presumptively correct, and, if there is reasonable doubt as to whether it is correct, such finding should not be disturbed by the review of his holding by the trial judge or by appellate courts. Such finding has the effect of a jury's verdict. Bidwell v. Johnson, 195 Ala. 547, 70 South. 685; Andrews v. Grey, 199 Ala. 152, 74 South. 62; A. T. & N. R. Co. v. Aliceville Lumber Co., 199 Ala. 391, 409, 74 South. 441; Burgess v. Burgess, 201 Ala. 631, 79 South. 193; Clifford v. Montgomery, 202 Ala. 609, 81 South. 551; Porter v. Henderson, 204 Ala. 564, 86 South. 531.

[2] In a reconsideration of the evidence the trial court made the basis of the final decree the fact that complainant (appellee) paid into the partnership $619.12, and further contributed to the joint adventure, pursuant to agreement or with the knowledge and consent of the partner therein, the use of a team and driver for hauling for the benefit of the joint business, which the court found to be reasonably worth and allowed the sum of $500. Having ascertained and allowed to respondent (appellant) the sum of $1,100 as having been contributed by him to the joint business, the court further found:

"From a study of the legal, relevant, and material testimony, the complainant never received from the partnership funds only $230.41, against approximately $2,000 received by the respondent."

An examination of the evidence convinced the lower court and satisfies this court that respondent did not satisfactorily explain his disposition of all of the proceeds from or assets of the partnership coming into his hands.

In Pollard v. Amer. Freehold Land Mortg. Co., 139 Ala. 183, 213, 35 South. 767, 776, in discussing the foregoing presumption of correctness attending the findings embodied in the report of a register, Mr. Chief Justice McClellan said:

"* * * The statute now, however, provides that this court shall give no weight to the decision of the chancellor upon the facts (Code, § 3826); and from this it would seem to follow that such finding of the register although it has been disallowed or modified by the chancellor, comes before us on appeal for original review, attended by the same presumption of correctness that waited on it before the chancellor and that it should not be disturbed here unless, that presumption to the contrary notwithstanding, it appears to us to be clearly erroneous. The second rule if it may be called a rule rather than an exception to the first rule stated, or, perhaps yet more accurately, an illustration of the scope and limitations of the first rule—is this: When it appears from the report that the register has proceeded upon incorrect principles to the conclusion he reaches and reports, and in consequence his finding is not wholly the result of his consideration of the testimony upon the issue, but is referable in a material degree to a mistake of law or the misapplication of law to the facts before him, his finding carries no presumption of correctness with it before the chancellor, nor brings any such presumption here; and the matter is to be determined de novo by the chancellor, on exceptions taken, and again by this court, on appeal, wholly regardless of the conclusion reached and reported by the register."

The register in his report has proceeded on the assumption that—

"It is not possible to ascertain from the testimony submitted of the pleading in the case what amounts have been received by the partners from the proceeds of the partnership business. But it appears from the testimony, and the register so finds and reports, that the partners made division of certain moneys, the proceeds of said partnership business, at various times, each time making an equal division, and there appears to be no contention over these matters."

This did not settle the rights of the parties on a full accounting to or in the other funds, moneys or assets of the corporation coming to respondent, which were not fully accounted for by him as held by the trial court, saying:

"That the register erred in finding that it was impossible from the testimony to ascertain approximately the amount each partner received from the partnership funds."

The register having proceeded on a mistake of the effect of legal evidence before him, the trial court was authorized to disregard the usual presumptions attending such findings of the register and proceed to

a finding of the facts from the "legal, material and relevant evidence submitted."

We have carefully considered the evidence and are of opinion that the decree of the circuit court be, and it is, affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.