(118 So. 282)

BUTTREY v. BUTTREY. (8 Div. 978.)

Supreme Court of Alabama. June 30, 1928.

Rehearing Denied Oct. 25, 1928.

Content:

269

See, also, 214 Ala. 465, 108 So. 35.

E. W. Godbey, of Decatur, for appellant.

Eyster & Eyster, of Decatur, for appellee.

THOMAS, J. When the trial court entertained the petition and referred the finding of facts to the register, and that officer heard, ascertained, and reported the facts on oral evidence, the usual rule or presumption prevailed.

The effect of subdivision 1 of section 5955, Code of 1907 (section 10276, Code of 1923), that in deciding appeals from the circuit court in chancery cases no weight shall be given the decision of the circuit judge upon the facts, but the Supreme Court shall weigh the evidence "and give judgment as they deem just," has been construed by this court, and in cases where the evidence was given ore tenus. Andrews v. Gray, 199 Ala. 152, 74 So. 62; Hackett v. Cash, 196 Ala. 403, 72 So. 52; Heflin v. Heflin, 216 Ala. 519, 113 So. 535; Milton Realty Co. v. Wilson, 214 Ala. 143, 107 So. 92; Faulk v. McDuffie, 215 Ala. 584, 112 So. 229; Cawthon v. Jones, 216 Ala. 260, 113 So. 231.

The presumptions as to the correctness of the finding of the register by the chancellor, under this statute, is that—

"In the ordinary case the report of a register, although it has been disallowed or modified by the chancellor, comes before us on appeal attended by the same presumption of correctness that waited on it before the chancellor, and that it should not be disturbed here unless, that presumption to the contrary notwithstanding, it appears to us to be clearly erroneous. Pollard v. American Freehold Land Mortgage Co., 139 Ala. 183, 35 So. 767; Andrews v. Frierson, 144 Ala. 470, 39 So. 512." Horst v. Pake, 195 Ala. 620, 71 So. 430.

To like effect is Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Citizens' Co. v. Central Trust Co., 200 Ala. 18, 75 So. 330; Dent v. Foy, 214 Ala. 243, 249, 107 So. 210. That is to say, the register's findings on oral evidence is presumptively correct, and, if there is a reasonable doubt as to whether it is correct, the same is resolved in favor of the finding and the same will not be disturbed. Horst v. Pake, 195 Ala. 620, 71 So. 430; Mabry v. Ray, 208 Ala. 615, 95 So. 6; Ex parte Jackson, 212 Ala. 496, 103 So. 558; Grand Bay Land Co. v. Simpson, 207 Ala. 303, 92 So. 789; A. T. & N. Ry. Co. v. Aliceville Lbr. Co., 199 Ala. 391, 74 So. 441.

There was ample evidence to support the finding of the register, and the court, having entertained and submitted the same for such hearing before the register, on oral evidence, and the reasonable inference from that evidence, brought the finding within the rule, and the report, having the effect of the verdict of a jury, should have been confirmed. The child is several years older, and the original allowance is hardly sufficient to maintain her in the sphere of life in which she and her adopted parents were accustomed. Worthington v. Worthington, 215 Ala. 447, 111 So. 224.

Mandamus being an appropriate remedy for review of such interlocutory order, the appeal is dismissed.

We have indicated that the petition for mandamus be and the same is awarded.

Appeal dismissed; mandamus awarded.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.