(133 So. 7)

GREEN, Superintendent of Banks, v. TAYLOR.

7 Div. 930.

Supreme Court of Alabama.

March 12, 1931.

Wilkinson & Burton and Hollis O. Black, all of Birmingham, for appellant.

L. H. Ellis, of Columbiana, for appellee.

THOMAS, J.

The bill was for cancellation of a purported mortgage for $5,000, held as collateral security for a loan of $2,500 that was paid.

The decree was for the complainant.

The trial was before the judge rendering the decree, and the evidence was given ore tenus in open court. And the finding and decree is supported by the usual and recognized presumptions. Hodge v. Joy, 207 Ala. 198, 92 So. 171; Ray v. Watkins, 203 Ala. 683, 85 So. 25; Andrews v. Grey, 199 Ala. 152, 74 So. 62; Hackett v. Cash, 196 Ala. 403, 72 So. 52.

The testimony of the complainant is positive, and to the effect that the $2,500, the sum borrowed from the bank, was repaid; that the $5,000 loan, evidenced by note and mortgage, was refused and the smaller amount loaned and the former paper left with the bank until evidence of the smaller loan was secured. The documentary evidence for $2,500 given the bank was returned on or after payment, and the mortgage for $5,000, for which there was no consideration, was retained and recorded in the probate office of Shelby county, where the land was situated.

The former vice president and cashier taking the alleged transfer of the note and mortgage for the larger amount testified she had no independent recollection of the transaction, took many acknowledgments, and handled many transactions, while she was so employed by or for the bank.

As to the mortgage, S. C. Taylor testified that he made no such transfer on the date indicated, and was not within this jurisdiction, but was upon the high seas on the date of the alleged transfer and assessment, viz., March 3, 1928; that as a matter of fact these papers had been theretofore left with the bank, indorsed, to secure the $2,500 loan, and until its evidence came in, which was delivered and thereafter fully paid. He further testified that he was taking the papers to secure a loan for his brother; that the $5,000 loan applied for was denied, but the $2,500 loan was later secured and paid.

The fact that the papers for the $5,000 were found among the assets of the recent bank, its bank books and other evidence merely presents a contradiction as to whether in fact two loans were made by the bank to complainant's agent which would bind him. American Mortgage Co. of Scotland, Ltd. v. King, 105 Ala. 359, 16 So. 889. As to this the fact was determined by the trial court in favor of the complainant.

No detailed discussion of the evidence is necessary or would serve any good purpose. We do not believe that the judgment of the trial court should be disturbed on the evidence before the court.

The question, "Did you at any time in December, 1927, or in January, 1928, or at any time in March, 1928, or April, or May, or at any time procure any money from Woodlawn Savings Bank, or any credit, or deposit to your credit, or to the credit of W. T. Taylor, Jr., on the security of this mortgage or that $2500.00 that you got there in January?" merely embraced or was made to cover the date of the alleged transfer or the several negotiations for loans that took place. It is true the interrogatory was general, the answer was in the negative, and was subject to cross-examination. In the light of the other evidence, it is not the basis of reversi-

ble error for reasons assigned in the objection thereto.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.