199 So. 235

**WILLIAMS v. McARTHUR et al.**

**4 Div. 128.**

Supreme Court of Alabama.

Dec. 19, 1940.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Martin & Jackson, of Dothan, for appellees.

KNIGHT, Justice.

Bill by Jasper R. McArthur, individually, and as executor of the last will and testament of O. L. McArthur, deceased, to sell certain lands in Houston County for division of the proceeds amongst the tenants in common thereof, and incidentally to quiet the title to a part of said lands, it being alleged in the bill that Mrs. Amanda R. Williams, formerly Miss Amanda R. McArthur, claimed, or was reputed to claim, some right, title, interest in or encumbrance upon the same.

It is averred that the complainant, Jasper R. McArthur, and the three respondents, including Mrs. Amanda R. Williams, each owned a one-fourth undivided interest in all the lands described in the bill, but that "under the terms of the will of the said O. L. McArthur, Henry L. McArthur, Amanda R. Williams and Jasper R. McArthur are to have $125.00 each before respondent, John T. McArthur, comes in, and then the estate is to be equally divided between complainant and the respondents subject to any lawful charges against said estate, if any there be."

It was and is the contention of the complainant and all the respondents, except the respondent Amanda R. Williams, that the lands sought to be sold were the property of their father, the said O. L. McArthur, deceased, at the time of his death, and that upon his death these lands passed to, and became the property of, the complainant and the three respondents, subject to a life estate of their mother, Mrs. M. V. McArthur, therein.

The respondent Amanda R. Williams insisted in the court below, and makes the same insistence here, that eighty acres of said land, which are described as the Northeast Quarter of the Northeast Quarter of Section 30, and Northwest Quarter of Northwest Quarter of Section 29, all in Township 3, Range 28, in Houston County, Alabama, was her exclusive property, having been sold and conveyed to her in the year 1933 by her mother, Mrs. M. V. McArthur, and that at the time of the said conveyance her said mother was the owner in fee of the said eighty acres of land.

Upon final submission of the cause, the court held that the complainant and the three respondents, Henry L. McArthur, John T. McArthur and Amanda R. Williams, were "joint owners and tenants in common" of all the lands, the said eighty acres included, described in the bill and sought to be sold for division, and that each of said parties owned an undivided one-fourth interest in the same, thus holding that the respondent Amanda R. Williams did not own in severalty the above-described eighty acres of land.

From the decree the present appeal is prosecuted.

It is here earnestly insisted by the appellant that: (1) The deed purporting to have been executed by her mother, Mrs. M. V. McArthur, to O. L. McArthur, conveying to him said eighty acres of land, was never in fact executed and delivered by her mother to said O. L. McArthur; (2) that the appellant never in fact signed or executed said deed, that she was not in fact present at the time of the alleged execution of said deed; and (3) that she had no knowledge of the execution of the same; and that she bought said eighty acres of land from her mother without knowledge or notice of said deed, and that accordingly she acquired a good and valid title to the property.

There is no doubt but that the appellant's mother did own said eighty acres of land at the time of the execution of the purported deed in 1910 to the said O. L. McArthur. This deed, as appears upon its face, purports to have been executed not only by the mother of appellant, but also by appellant and her three brothers, Jasper L., Henry L., and John T. McArthur. All the grantors, except the said Mrs. M. V. McArthur, the wife of said O. L. McArthur, were the only children of said O. L. McArthur, and Mrs. M. V. McArthur. Both mother and father are now dead. The deed in question

appears to have been attested by one W. J. Hicks, and it bears an acknowledgment by Mrs. M. V. McArthur before the said W. J. Hicks, Justice of 'the Peace in and for Houston County, Alabama.

It appears that W. J. Hicks, the attesting witness and Justice of the Peace who took the acknowledgment of Mrs. M. V. McArthur to the deed, was dead when the cause was heard, but the evidence conclusively shows that the signature "W. J. Hicks" appearing on the deed as a subscribing witness and as Justice of the Peace was and is the genuine signature of said Hicks.

We are further reasonably satisfied from the evidence that the signature of appellant to the said deed, as one of the grantors was and is the genuine signature of the appellant.

A careful consideration of all the evidence in the case convinces us that the conveyance alleged to have been executed on July 30, 1910, by Mrs. M. V. McArthur, and her four children, the complainant and respondents in this cause, to O. L. McArthur, the husband of Mrs. M. V. McArthur, and the father of complainant and the respondents, was in fact and truth executed and delivered by Mrs. M. V. McArthur to the said O. L. McArthur, and that by said deed O. L. McArthur acquired the full title to the said eighty acres of land now claimed by the appellant.

We are further satisfied that the appellant not only knew of the execution of said deed, but actually joined in its execution as one of its makers. Further, that at the time Mrs. M. V. McArthur attempted to convey said eighty acres of land to the appellant she had no title thereto, and hence could convey none to the appellant.

It is our conclusion, therefore, that the complainant and the three respondents are tenants in common of all the lands described in the bill; that the same cannot be equitably divided or partitioned without a sale thereof as prayed in the bill. This was the conclusion of the trial judge and his decree so holding is due to be affirmed. It is so ordered.

It only remains to be said that in reaching our conclusion in this case, we have only considered the legal and competent evidence, disregarding and discarding any which, in our judgment, was illegal or incompetent. Code, § 6565. Nor have we given any weight to the decision of the circuit judge as to his finding of facts, as the evidence was given by deposition, and not ore tenus in open court before the trial judge. Code, § 10276; Heflin v. Heflin, 216 Ala. 519, 113 So. 535.

In making distribution of the proceeds of any sale as may be had for division among the several cotenants, the court will observe and carry out the terms of the will of O. L. McArthur, from whom the tenants in common derived their title.

Affirmed.

GARDNER, C. J., and THOMAS and BROWN, JJ., concur.