59 So.2d 590

## FRICKE v. CITY OF GUNTERSVILLE.

### 8 Div. 625.

Supreme Court of Alabama.

May 1, 1952.

Rehearing Denied June 26, 1952.

Marion Lusk, Guntersville, for appellant.

Starnes & Starnes, Guntersville, for appellee.

SIMPSON, Justice.

This appeal concerns the correctness of the register's report fixing the amount of damages to appellant's property by reason of the construction by the appellee of a drainage ditch in the alley along the rear of complainant's lot. This is the third appeal.

The first appeal affirmed the decree of the trial court which determined that appellant city could not be required to desist from its drainage project or to cover up the ditch. Fricke v. City of Guntersville, 251 Ala. 63, 36 So.2d 321.

The second appeal challenged the propriety of the decree of the lower court which confirmed the register's report finding that complainant was not entitled to damages by reason of the maintenance of the ditch. This court reversed because it appeared that the register's report and the trial court's decree confirming same were rested on a misapprehension of law. It was there observed, however, with respect to the matter of damages:

"But even if the register's report had been based on his findings from the evidence, we would be constrained to reverse the decree of the trial court for the reason that under the evidence given before the register, we are clearly satisfied that his finding that appellant is not entitled to any damage is clearly wrong." 254 Ala. 370, 373, 48 So.2d 420, 422.

On remandment, additional evidence was taken.

This is the last and final appeal and questions the propriety of the decree of the lower court which overruled the report of the register assessing the damages of the complainant at $350.

The testimony was heard orally before the register on the issue and was in irreconcilable conflict. That for the complainant amply justified his finding, while that opposed would tend to establish that the lot was in no way damaged by the maintenance of the open ditch. The trial court, however, without the benefit of having heard the witnesses testify or without taking additional testimony if in doubt

about the correctness of the conclusion of the register, reduced the damages to $50. The question then is who is right, the court or the register.

■ There is manifestly no sure method of determining here this question correctly, since the testimony was in such hopeless conflict that it cannot be reconciled and we are not benefitted by having heard the witnesses testify or observing their demeanor on the stand so as to make up a correct conclusion; nor do we think the trial court was. We are, therefore, necessarily remitted to the established canon of construction in such cases, viz., that where the register's finding of fact is based on testimony of witnesses orally before him, that finding is presumptively correct and must prevail unless it is manifestly wrong or against the preponderance of the evidence. The cases even go so far as to hold that if there is reasonable doubt as to whether or not such conclusion is correct, it should not be overturned. Bidwell v. Johnson, 195 Ala. 547, 70 So. 685; Lehman v. Levy, 69 Ala. 48; Buttrey v. Buttrey, 218 Ala. 268, 118 So. 282.

■ This same rule of review applies to the consideration of the report of the register by the chancellor too, so the trial court was also governed by its precept. Hence, that report comes before us for review here with the presumption of correctness without regard to the decision of the chancellor with reference thereto, and we are bound to approve it unless, that presumption to the contrary notwithstanding, it appears to be clearly erroneous or against the preponderance of the evidence. Bidwell v. Johnson, supra; Horst v. Pake, 195 Ala. 620, 626, 71 So. 430; Andrews v. Frierson, 144 Ala. 470, 39 So. 512; Lehman v. Levy, supra. O'Rear v. O'Rear, 227 Ala. 403(10), 150 So. 502; Campbell v. Campbell, 252 Ala. 487, 41 So.2d 185.

Exceptions to this rule of presumption have been recognized as where errors of law entered into the report, O'Rear v. O'Rear, 227 Ala. 403(11), 150 So. 502; Fricke v. City of Guntersville, second appeal, supra, or where the specific questions of fact considered by the register are peculiarly within the knowledge of the court, such as the value of fees or services rendered, Andrews v. Frierson, supra; Dent v. Foy, 210 Ala. 160, 97 So. 627; Willett & Willett v. First National Bank of Anniston, 234 Ala. 577, 176 So. 344. But these exceptions are not here of governing import.

We also take notice of our recent case of Grief Bros. Cooperage Corp. v. Stacey, Ala.Sup. 58 So.2d 122, where this court affirmed the decree of the trial court in sustaining exceptions to the register's report. That case is not to be construed as in anywise trenching upon the governing rule adverted to hereinabove. A reference to the record there will suffice to illustrate that it was the opinion of the court that the register had failed to properly appraise certain of the expert testimony and that his findings were against the preponderance of the evidence.

■ Clearly, from the evidence, the question of damages and the amount to be awarded was a fairly debatable one and adherence to the governing rule necessitated a confirmation of the report. It would seem, however, that the learned trial court failed to give effect to this established principle, but on the contrary substituted his own opinion on the strictly controverted issue of the amount of damages without having heard the testimony. For the complainant there were several witnesses, one of whom was a real estate man of some maturity, who gave testimony with respect to the damages to the property ranging in amount from $500 to $1,000, whereas the evidence in opposition on behalf of the City from witnesses, most of whom were or had been in some way officially connected with the City, took the position that the lot suffered no damage by reason of the construction. Taking into consideration the implied or expressed interest of these respective witnesses, as well as the diametrically opposed views expressed, we are unable to assert with any degree of certainty whatever that the register's finding of $350 as the amount of damages was clearly or palpably erroneous or against the preponderance of the evi-

dence. So considered, it becomes our manifest duty to reverse the decree below and order confirmance of the report. Authorities, supra.

 Some argument is made in brief that there was no evidence of damages in the amount as found by the register and that therefore it was not entitled to confirmation. While it was competent for witnesses familiar with the situation to express opinions as to the amount of damages, yet these opinions were not conclusive of the issue and it was within the discretion of the register to find that the reasonable amount of the damages was less (or greater) than the value accorded by the opinion witnesses. Lowe v. Reed, 207 Ala. 278, 92 So. 467.

The contention that complainant was not entitled to recover because it was not proven that a claim against the municipality was presented as provided by § 476, Title 37, Code 1940, is likewise without merit. This was not only matter of defense, but the bringing of the suit within time was a sufficient presentation. Town of Linden v. American-La France and Foamite Industries, 232 Ala. 167, 167 So. 548; Anderson v. City of Birmingham, 177 Ala. 302, 58 So. 256.

The decree of the trial court is ordered reversed and the report of the register ordered confirmed.

Reversed and rendered.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.