130 So.2d 332

Daisy B. TOLBERT

v.

Amanda HUMES.

3 Div. 908.

Supreme Court of Alabama.

May 25, 1961.

Fred D. Gray and Clifford J. Durr, Montgomery, for appellant.

Walter J. Knabe and M. R. Nachman, Jr., Montgomery, for appellee.

GOODWYN, Justice.

This is a will contest. The decedent executed a will naming a cousin (appellant) as sole beneficiary and executrix. The will was probated in the probate court of Montgomery County. Thereafter, the decedent's next of kin (appellee) filed a bill in the circuit court of Montgomery County, in equity, contesting the will on the grounds that the decedent lacked mental capacity to make it and that it was accomplished by undue influence exerted on the decedent by the named beneficiary and executrix. An answer was filed denying the allegations of the bill. Testimony on these issues of mental capacity and undue influence was taken orally before the register. Thereafter, the register filed his report finding that the contested instrument should be held to be the last will and testament of the decedent.

The contestant then filed exceptions and objections to the register's report. On consideration thereof, and without taking any additional testimony, the trial court rendered a decree allowing and sustaining the said exceptions and objections and decreeing that the instrument was "not the last will and testament" of the decedent, "but that at the time of the making of said alleged instrument", the decedent "was a person of unsound mind and mentally incompetent to make a will." This appeal is brought by the beneficiary and executrix from that decree.

As we see it, the real question before us is whether the finding of the register, to which should be accorded the weight of the verdict of a jury, is plainly and palpably wrong (Bailes v. Bailes, 216 Ala. 569, 570, 114 So. 185). It is well established that, in a case such as this, the finding of the register has the effect of the verdict of a jury and in our review of the decree of the trial court sustaining exceptions to the register's report, we must accord the usual presumption in favor of the register's finding. The applicable rule of review is very well stated in Fricke v. City of Guntersville, 257 Ala. 442, 444, 59 So.2d 590,

where it was held that the trial court was bound by the presumption of the correctness of the register's report and on appeal such report would come before us with a presumption of correctness without regard to the decision of the trial court. Our view is that the evidence presented a factual issue on the question of the decedent's mental capacity and that we would not be warranted in saying that the register's finding in this respect was plainly and palpably wrong. No good purpose would be served by discussing the evidence.

It is to be noted that the trial court's decree is limited to the issue of mental capacity. Apparently, it was considered unnecessary to rule on the question of undue influence in view of the court's conclusion on the issue of mental capacity.

The judgment appealed from is due to be reversed and the cause remanded to the trial court for such additional proceedings in the cause as may be appropriate.

Reversed and remanded.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.