176 So.2d 16

**O. J. WALLS**

v.

**LEADWAY COOP MILL et al.**

7 Div. 653.

Supreme Court of Alabama.

May 27, 1965.

Smith & Moore, Guntersville, for appellant.

Beck & Beck, Fort Payne, for appellees.

HARWOOD, Justice.

In the proceedings below O. J. Walls filed a bill in equity seeking to marshal the assets of the Leadway Coop Mill, and further seeking a finding that E. C. Thomas, L. V. Brown, R. S. Mitchell, M. Maretta, W. B. Mitchell, and Howard Ridgway be held liable as guarantors on a note executed by A. C. Mitchell as president of the Leadway Coop Mill in the amount of $36,-038.08, payable to Walls, the above named individuals having signed their names on the back of said note. .

By answer the above named individuals asserted that they had placed their names on the back of said note as directors of the Leadway Coop Mill, and not as individuals.

By agreement certain matters were referred to the Register for a hearing and report to the court, among the matters so referred being whether the above named individuals had placed their signatures on the back of the note as guarantors or in some other capacity.

After hearing the Register filed his report with the court in which he found among other things that the above named individuals signed the said note only as directors of Leadway, and further found and reported that the writing, "We, the following do hereby endorse and guarantee the within described note and indebtedness" which appears above the signatures of the individuals on the back of the note was not on said note at the time it was signed by the individuals and that certain figures and writing on the back of the note indicating a $5,000 credit were later inked over and marked out after the individuals had placed their signatures on the back of the note.

At the hearing before the Register, John Willis testified on direct examination that he was vice president of the First National

Bank of Guntersville, and that at the request of O. J. Walls he prepared the note in question and typed in the name of Leadway Coop Mill with the lower space indicating the note was to be executed by the president. On the back of the note at the top he typed, "We, the following do hereby endorse and guarantee the within described note and indebtedness." He then gave the note to Mr. Walls to have it executed.

O. J. Walls testified that he took the note to the Leadway office and Mr. Mitchell, the president of Leadway, and Mr. Hasel Thomas, the bookkeeper, were there and he told them to get the note properly signed so that the bank would take it.

Mr. Walls testified that when he took the note to the Leadway office he told Mr. Mitchell to get the directors to sign the note, to endorse it on the back. "The directors were the ones that were going to sign it because it would take these men's endorsement before it could be handled by the bank."

Hasel Thomas testified that at the time Mr. Walls requested that the signatures of the Board of Directors be obtained that nothing was said about getting the directors to endorse or guarantee the note as individuals and that there was no legend on the back of the note to the effect that the individuals were signing as guarantors of the note. There was, however, a $5,000 credit on the back of the note when he saw it.

The individuals who signed the note testified that they were told by Hasel Thomas that they were signing as directors of Leadway. The legend in reference to their being guarantors was not at the top of the back of the note when they placed their signatures thereon, but there was a credit of $5,000 written thereon. Each testified that at the time he placed his signature on the note he was doing so only as a director.

The original note, and a photostatic copy of the note as filed for record, certified by the Probate Judge of Marshall County, were received in evidence at the reference hearing. The original note bears the legend above mentioned on its back, above the signatures of the individual respondents. The photostatic copy of the note as recorded does not bear the legend. The $5,000 credit which the individual respondents testified was shown on the back of the note at the time they placed their signatures thereon has been inked over both on the original note and on the photostat of the note as recorded.

After the reference hearing the Register filed his report and findings with the court, and the complainant-appellant duly filed his objections and exceptions to the report.

Upon appropriate notes of testimony by each party the matter was submitted to the court. The objections and exceptions were overruled, and the Register's report was in all things ratified and confirmed, except as to one matter in no wise affecting this review.

The court further ordered and adjudged that the individual respondents were not liable on the note as individuals, and the prayer that they be so held liable was denied.

Appellant's three assignments of error are to the effect that, (1) the court erred in confirming the Register's report, (2) the court erred in denying appellant's exceptions to the report of the Register, and (3) the court erred in decreeing that the individual respondents were not liable as individuals.

In brief counsel for appellant has set forth only one proposition of law, it being to the effect that where a case is submitted to a court for final decree on pleadings and depositions of witnesses, and not on testimony taken ore tenus, the decree rendered is reviewed by us without the usual presumptions in favor of its correctness.

This proposition is of course correct in applicable cases. It overlooks, however, the fact that in the present case there were many witnesses before the Register in the reference hearing who testified to facts

material to the matters now being considered.

■ Under such circumstances the report of the Register on evidence given ore tenus before him is accorded the weight of a verdict of a jury, and if from the whole evidence it is a matter of doubt whether the finding was correct, or if different, impartial, and intelligent persons might entertain different opinions as to the matter, the findings ought not, for such reason, be disturbed. Sims, Alabama Chancery Practice, Section 607; Fricke v. City of Guntersville, 257 Ala. 442, 59 So.2d 590; Buttrey v. Buttrey, 218 Ala. 268, 118 So. 282; Davis v. Davis, 274 Ala. 277, 147 So.2d 828.

■ Much of the testimony before the Register was ample in its tendencies to support the findings and report of the Register. The decree of the court affirming the report of the Register is therefore due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.