I concur only in the result reached by the majority.
With regard to the sentencing of the appellant and the plea bargain agreement, the trial court entered the following findings:
 "There was a plea bargain agreement. The essence of that agreement was that if the defendant brought about an arrest of another that was equal to or greater than the offense with which he was charged the District Attorney's office would consider moving the Court for probation and suspension of fine.
 "As to the second issue, this Court finds that, although the defendant provided what would amount to substantial assistance under [§] 20-2-81, he did not substantially comply with the plea bargain agreement.
 "There is a great conflict in the evidence as to the final issue. This Court finds that although the law enforcement officials did not help the defendant all they could or should have, this Court is unable to find as a fact that law enforcement officials prevented the defendant from bringing about a drug related arrest of an equal or greater offense than the one [with] which the defendant was charged.
 "The Court finds that the defendant placed his life in danger on several occasions in efforts toward effecting drug arrests, and had circumstances been different, would have complied with the agreement. The Court further recognizes that [§] 20-2-81 places great discretion in the hands of the District Attorney in moving the Court for mitigation, and this Court finds that the District Attorney's *Page 1238 
office has not abused its discretion in this case."
The record supports but does not compel the factual findings of the trial court. However, a finding by a trial court, sitting without a jury, on oral testimony of witnesses appearing in court, will not be reversed unless plainly erroneous.Scruggs v. State, 165 Ala. 121, 51 So. 302, 303 (1909). This Court is "obliged to indulge every presumption in favor of the correctness of the trial court's decision." Ex parte Robinson,565 So.2d 664, 667 (Ala. 1990) (denial of motion for new trial). Based on the record before this Court, it cannot be said that the trial court's findings are plainly erroneous.